IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARMEN G. NOLASCO,<br><br>               Plaintiff,<br><br>v.<br><br>KIRSTJEN NIELSON, Secretary of the Department of Homeland Security, et al.,<br><br>               Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 1:18-cv-00051-TC |

      Plaintiff Carmen G. Nolasco has brought a complaint against Defendants Kirstjen Nielsen, Secretary of the Department of Homeland Security; L. Francis Cissna, Director of the United States Citizenship and Immigration Services (USCIS); and Laura McNeer, Director of the Salt Lake City Field Office of Citizenship and Immigration Services. Ms. Nolasco asks the court to grant a writ of mandamus compelling the USCIS to adjudicate her application for adjustment of immigration status.

      The Defendants have moved to dismiss Ms. Nolasco's complaint. Because this court does not have jurisdiction to consider Ms. Nolasco's complaint, the court GRANTS the Defendants' motion.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

      Ms. Nolasco, a native of El Salvador, entered the United States illegally in 1991 when she was three years old. In 1992, after Ms. Nolasco was placed in deportation proceedings, an

---

[1] The facts are drawn from Ms. Nolasco's complaint.

immigration judge granted Ms. Nolasco voluntary departure. But when Ms. Nolasco did not voluntarily depart, the voluntary departure was changed to an order of deportation.

In 2001, Ms. Nolasco was granted Temporary Protected Status (TPS) which temporarily prevents her removal from the United States. The Trump Administration has now terminated TPS designation for El Salvador, and Ms. Nolasco claims that in 2019, her TPS will end and she will be subject to removal.[2]

Ms. Nolasco married Juan Nolasco, a United States Citizen, in 2005. Ten years after the marriage, Mr. Nolasco filed a form I-130 Petition for Alien Relative, establishing that he is a United States citizen and that Ms. Nolasco, as his spouse, is an immediate relative. The USCIS granted the petition.

In April 2016, USCIS granted Ms. Nolasco's application for an advance parole, which meant that she could temporarily leave and return to the United States.

Ms. Nolasco filed a form I-485 Adjustment of Status Application with USCIS in March 2017. She appeared at USCIS for an interview regarding her Form I-485 in October 2017. After the interview, USCIS sent Ms. Nolasco a Notice of Administrative Closure (Notice). In the Notice, the USCIS explained that it was administratively closing Ms. Nolasco's I-485 application because "USCIS does not have jurisdiction to adjudicate your Form I-485." (Ex. C to Compl., ECF No. 2-1.) The Notice continued:

> USCIS has jurisdiction to grant adjustment only if the Immigration Judge does not have jurisdiction. See Title 8, Code of Federal Regulations (8 CFR), sections 245.2(a) and 1245.2(a). The Immigration Judge has jurisdiction to grant or deny a Form I-485 in any case in which the applicant (other than an "arriving alien") is a

---

[2] The Secretary of Homeland Security can extend the TPS status of El Salvador.

> respondent in a section 240 removal proceeding before the U.S. Department of Justice, Executive Office for Immigration Review (EOIR). USCIS reviewed your case file, A#A09 4061800 and determined that an Immigration Judge ordered that you be removed from the United States, but you have not yet departed under that order. It does not appear that the removal proceedings against you have been terminated. See 8 CFR section 245.1(c)(8)(ii).
>
> Since you are the respondent in a removal proceeding, and you are not an "arriving alien" only EOIR has jurisdiction to grant or deny your form I-485. You must submit your form I-485 to the Immigration Judge in EOIR proceedings. Since EOIR has already entered a removal order, you must move EOIR to reopen the proceedings in order for you to be able to apply for adjustment status.
>
> Because USCIS does not have jurisdiction, your form I-485 is administratively closed; however, this does not prevent you from seeking adjustment before EOIR. 8 CFR sections 245.2(a)(1) and 1245.2(a)(1).

(Id.)

After receiving the Notice, Ms. Nolasco filed this mandamus action, in which she asks the court to assume jurisdiction over her immigration proceedings and compel the USCIS to adjudicate her I-485 application. (See Compl. 15–16, ECF No. 2.) The Defendants have moved to dismiss her complaint for three reasons: (1) the USCIS does not have jurisdiction to grant or deny Ms. Nolasco's application to adjust her immigration status, so her complaint is moot; (2) the court lacks subject matter jurisdiction over her complaint; and (3) the complaint fails to state a valid claim for relief. (See Defs.' Mot. to Dismiss, ECF No. 16.)

## ANALYSIS

The court in Mohammed v. Holder, 695 F. Supp. 2d 284, 285 (E.D. Va. 2010), wrote:

> The threshold jurisdictional question in this immigration case is whether a district court must grant a writ of mandamus ordering the U.S. Customs and Immigration Service ("USCIS") to adjudicate an

3

application for adjustment of status where the USCIS has already administratively closed the application.

That is the question that this court now faces: whether the court can order the USCIS to adjudicate her pending application to adjust her immigration status. The district court in Mohammed decided that it could not and dismissed the petition. For the reasons set forth below, the court has reached the same conclusion and GRANTS the Defendants' motion to dismiss Ms. Nolasco's complaint.

A. This Court Lacks Subject Matter Jurisdiction.

Congress has mandated that "the sole and exclusive means for judicial review of an order of removal" is "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5). The term "judicial review of an order of removal" includes both "direct" and "indirect" challenges to removal orders. Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011). Although Ms. Nolasco contends that she is not challenging her removal, the court concludes that she is. As explained below, Ms. Nolasco's present request is the first step in adjusting her status to that of a lawful permanent resident. That would, in effect, override her existing order of removal.

Ms. Nolasco acknowledges that she is subject to an unexecuted deportation order. Should the court grant her request and order USCIS to adjudicate her I-485 application, and USCIS then granted Ms. Nolasco adjustment of status, Ms. Nolasco would become a permanent lawful resident. This action would have the effect of cancelling her order of removal. This example illustrates that Ms. Nolasco's complaint is, in fact, an indirect challenge to her removal order. As the Notice informed Ms. Nolasco, only the EOIR has jurisdiction to grant or deny her I-485 application.

4

Several courts have reached the same conclusion. The petitioner in Mohammed, 695 F. Supp. 2d 284, had been granted voluntary departure from the United States. Ms. Mohammed did not depart but remained in the United States on TPS. She had married a United Sates citizen and, several years after the marriage, filed an I-485 application with the USCIS. The USCIS sent Ms. Mohammed a letter telling her that because she was in removal proceedings, the USCIS had administratively closed her case. The USCIS explained that it was taking this action because "the immigration court has sole jurisdiction" over Ms. Mohammed's case. 695 F. Supp. 2d at 287. The court agreed, noting that "a district court lacks statutory jurisdiction to grant the requested relief . . . ." Id. at 291.

In Chen v. Johnson, No. 15-CV-3422 (RRM), 2016 WL 4544034 (E.D.N.Y. Aug. 30, 2016), the plaintiff, Fa Xiang Chen, was a citizen of the People's Republic of China who had entered the United States illegally. Mr. Chen sought a declaratory judgment that he was a lawful permanent resident. The defendants, officials of the USCIS, moved to dismiss his complaint arguing that the court lacked subject matter jurisdiction to adjudicate Ms. Chen's claim. Mr. Chen contended that the court had subject mater jurisdiction based on the Administrative Procedure Act and the Declaratory Judgment Act.

The Chen court agreed with the defendants, pointing out "[v]arious provisions of the INA preclude, or restrict, judicial review of immigration decisions." 2016 WL 4544034, at *4; see also Luna v. Holder, 637 F.3d 85, 86 (2d Cir. 2011) ("The sole and exclusive means for challenging a final order of removal is to file a petition for review in a federal court of appeals.").

As these cases make clear, this court does not have subject matter jurisdiction over Ms. Nolasco's complaint. The court grants the Defendants' motion to dismiss on this ground, and will not reach the Defendants' remaining two arguments.

**ORDER**

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 16) is GRANTED.

DATED this 7th day of December, 2018.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge